**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

THOMAS SHRADER,                              )
                                             )
            Petitioner,                      )
v.                                           )          **Civil Action No. 1:13-cv-09386**
                                             )          **Criminal Action No. 1:09-0270**
RICHARD B. IVES,                             )
                                             )
            Respondent.                      )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's "Motion to Withdraw of his 2241 Petition Writ of Habeas Corpus"
(Document No. 379.), filed on July 19, 2013.

**FACTUAL AND PROCEDURAL HISTORY**

By Superseding Indictment filed on June 8, 2010, Petitioner was charged with two counts of
Stalking by Use of Interstate Facility (Counts 1 and 2) in violation of 18 U.S.C. § 2261A(2), and one
count of being a Felon in Possession of a Firearm (Count 3) in violation of 18 U.S.C. §§ 922(g)(1)
and 924(a)(2). (Criminal Action No. 1:09-0270, Document No. 123.) The District Court granted
Petitioner's Motion to Sever Counts. (Id., Document No. 82.) Following a jury trial, Petitioner was
convicted on July 14, 2010, of being a Felon in Possession of a Firearm (Count 3). (Id., Document
Nos. 219 - 222 and 224.) Following his second jury trial, Petitioner was convicted on August 20,
2010, of two counts of Stalking by Use of Interstate Facility (Counts 1 and 2). (Id., Document No.
293 and 297.) On November 19, 2010, the District Court sentenced Petitioner to a total term of 235-
months of imprisonment to be followed by a five-year term of supervised release. (Id., Document
Nos. 337 and 341.) Petitioner, by counsel, filed a Notice of Appeal on November 24, 2010. (Id.,
Document No. 243.) The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and
sentence on April 4, 2012. United States v. Shrader, 675 F.3d 300 (4th Cir. 2012). Petitioner filed a

petition for certiorari in the United States Supreme Court, which was denied on December 3, 2012. Shrader v. United States, ___ U.S. ___, 133 S.Ct. 1320, 185 L.Ed.2d 236 (2012). Petitioner also filed a petition for rehearing in the United States Supreme Court, which was denied on February 19, 2013. Id.

On March 5, 2013, Petitioner, acting *pro se*,[1] filed in the Central District of California his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Civil Action No: 1:13-09386, Document No. 1.) In his Petition, Petitioner challenges the validity his conviction alleging that (1) his conviction for stalking was in violation of congressional intent; (2) the evidence used to convict him was the product of an unlawful search and seizure under Ninth Circuit precedent; and (3) the restoration of Petitioner's civil rights by the State of West Virginia "makes Petitioner innocent of any firearm violations." (Id., Document No. 1, pp. 3 - 4 and Document No. 2, pp. 5 - 17.) By Order entered on April 24, 2013, the District Court for the Central District of California transferred this matter to this District after determining that Petitioner was challenging the validity of his conviction and sentence imposed by this Court. (Id., Document No. 8.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Id., Document No. 11.)

On May 23, 2013, the undersigned re-characterized Petitioner's Section 2241 Petition and ordered the Clerk to designate the cause of the instant filing as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case. (Id., Document No. 371.) Also on May 23, 2013, the Court notified Petitioner of its intention to re-characterize his Section 2241 Petition as a Section 2255

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Motion pursuant to <u>United States v. Emmanuel</u>, 288 F.3d 644 (4th Cir. 2002). (<u>Id.</u>, Document No. 375.) The undersigned advised Petitioner as follows:

> [I]t is hereby **ORDERED** that Movant should inform the Court in writing by **Friday, June 14, 2013**, if he does not wish to have his Section 2241 Petition re-characterized as a motion under Section 2255. Should Movant not file a response to this Order and Notice, the Court will consider the Section 2241 Petition as a motion filed under Section 2255. If Movant agrees that his Section 2241 Petition should be considered under Section 2255, Movant may further amend the Motion to the extent permitted by law. <u>See</u> <u>United States v. Pittman</u>, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). Should Movant not agree with the Court that his Section 2241 Petition should be re-characterized as a Section 2255 Motion, the undersigned will rule upon the Petition as filed under 28 U.S.C. § 2241.

(<u>Id.</u>, p. 3.) On June 10, 2013, Petitioner filed his Response advising the Court that he did not wish for his Section 2241 Petition to be construed as a Section 2255 Motion. (<u>Id.</u>, Document No. 378.) Petitioner argues that the Central District of California improperly construed his Section 2241 Petition as a Section 2255 Motion and transferred the case to this District in violation of <u>Castro v. United States</u>, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778. (<u>Id.</u>) Specifically, Petitioner states that "any action by the U.S. District Court for the Southern District of West Virginia at this time is premature, as the issue is still before the Central Court of California under an Objection and Reconsideration Motion." (<u>Id.</u>, p. 3.) Furthermore, Petitioner contends that he is challenging his sentence, but not his conviction. (<u>Id.</u>) Petitioner, therefore, requests that the Court "hold or stay any further proceedings in Civil Action 1:13-cv-09386 in the interest of justice, and under due process of law and fairness to Petitioner, until the Central District of California makes a ruling on Petitioner's Objection and Reconsideration Motion and any subsequent ruling that may have to be obtained from the Nine Circuit Court of Appeals." (<u>Id.</u>, p. 5.)

On July 19, 2013, Petitioner filed a "Motion to Withdraw of his 2241 Petition Writ of Habeas Corpus." (<u>Id.</u>, Document No. 379.) Specifically, Petitioner "moves to withdraw his 2241 Writ of

3

Habeas Corpus that was re-characterized by the United States District Court for the Central District Court of California as a 2255 Motion in violation of <u>Castro v. United States</u>." (<u>Id.</u>, p. 1.) Petitioner contends that "[t]o treat this re-characterized 2241 Writ of Habeas Corpus as a first 2255 Motion would be a manifest of injustice upon Petitioner, as Petitioner has not received his case file from his attorney as of this late date even though he has been trying to get his case file from said attorneys since before December 2012." (<u>Id.</u>, p. 2.) Petitioner again objects to the re-characterization of his Section 2241 Petition as a Section 2255 Motion and requests that the Court dismiss his Section 2241 Petition. (<u>Id.</u>, pp. 1 - 3.)

## ANALYSIS

Based upon Petitioner's objections to the re-characterization of his Section 2241 Petition as a Section 2255 Motion, the undersigned first recommends that Petitioner's initial filing (Document No. 1.) be re-designated as a Section 2241 Petition. Next, the Court will consider Petitioner's "Motion to Withdraw of his 2241 Petition Writ of Habeas Corpus." (Document No. 379.) Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

4

substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Motion/Petition nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i). See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSED FINDINGS AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **RE-DESIGNATE** Petitioner's 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence (Document No. 1.) as an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody, **GRANT** Petitioner's "Motion to Withdraw of his 2241 Petition Writ of Habeas Corpus"(Document No. 379.), **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1.), and remove this case from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 5, 2013.

R. Clarke VanDervort
United States Magistrate Judge

6